## SUPREME COURT.

JOSEPH A. SIMMONS agt. ASENATH SHERMAN AND SARAH SHERMAN.

No appeal taken to the supreme court upon a case or exceptions made on a trial in the county court upon an appeal from a justice's court, will be entertained, until after the county court has passed upon the questions presented in such case or exceptions.

An appeal will be dismissed, where such a case or exceptions is brought up on an appeal, before the county court has made any decision thereon.

*Albany General Term, December,* 1864.

*Before* Peckham, Miller *and* Ingalls, *Justices.*

Appeal from the judgment of the county court upon exceptions taken at the trial. The cause was appealed from a justice's court, and upon the trial before the county court the plaintiff was nonsuited.

J. W. Miller, *for plaintiff and appellant.*

R. A. Parmenter, *for defendants and respondents.*

Miller, J. A point is taken by the respondents' counsel, that the appeal from the judgment of nonsuit directly to this court, without first moving for a new trial in the county court, brings up no exceptions made upon the trial which this court can review. In the case of *Carter* agt. *Wisner* (27 *How. Pr. R.* 385), which arose in the fifth judicial district, it was held at general term that a new trial must be moved for in the county court, before an appeal can be taken on a case or bill of exceptions in that court to the supreme court. A contrary decision was made by the general term of the sixth judicial district, in *Monroe* agt. *Monroe* (27 *How. Pr. R.* 208), thus making a conflict of authority upon the question now raised.

It is perhaps not very material in the present case, to decide what the practice was in such cases before the new constitution went into operation, but I am inclined to think that although the court of common pleas had the power to grant new trials to a defeated party (2 *R. S.* § 208, *sub.* 2), yet the usual course was to have the bill of exceptions made a part of the judgment record, and then remove the record by writ of error to the supreme court (2 *R. S.* 423, § 78). To determine what the law now is, and what practice should prevail in a case like this, it is essential to examine the enactments made by the Code of Procedure, which have a bearing upon the subject. By the thirtieth section of the Code, the county court has power to grant new trials, or affirm, modify or reverse judgments in actions

tried in said court, upon exceptions or a case made, subject to an appeal to the supreme court. It provides expressly for a disposition of a case arising on exceptions, prior to an appeal being taken, which would be unnecessary if an appeal could be taken in the first instance. The fifth subdivision of section 366, confers upon the county court power over its own determinations and the verdict of a jury, to the same extent as the supreme court has in similar cases. And subdivision six of the same section, authorizes a motion for a new trial on a case or exceptions, before or after judgment, and provides that all the provisions of the Code in relation to the proceedings on receiving a verdict of a jury, exceptions to the decisions of the court, making and settling cases and exceptions, motions for new trials, and making up the judgment roll in the supreme court, shall be applicable to all appeals brought up for trial. These provisions, I think, were designed to establish a system of practice applicable to cases of this kind, analogous to that of the supreme court in most respects, and before an appeal can be taken to the supreme court, it is essential that it should be first heard and decided by the county court. The county court has ample authority and jurisdiction in such cases, and until it has had an opportunity to hear the case or exceptions, and to affirm, modify or reverse the judgment under the thirtieth section of the Code before cited, there is no good reason why the application should not be made there in the first instance.

In *Monroe* agt. *Monroe* (27 *How.* 208), BALCOM, J., who wrote the opinion, lays considerable stress upon the thirty-sixth section of the judiciary act of 1847, which provides that all laws relating to courts of common pleas and their proceedings, powers and duties, so far as consistent with the constitution of 1846, and the statutes since passed, shall be applicable to county courts, and the learned judge says, that all difficulty upon the subject is obviated by this

enactment. He does not refer to the thirtieth and the three hundred and sixty-sixth sections of the Code before cited, and I think, must have overlooked them, for certainly it would be inconsistent with these important provisions of the Code if an appeal could be taken in a case where a bill of exceptions was made in the first instance, and would virtually render them useless, and of no sort of consequence. I think whatever practice existed in the court of common pleas different from that provided for by the Code, has been changed, and would not now be applicable, and, therefore, am disposed to follow the decision in *Carter* agt. *Wisner* (27 *How.* 385), and to indorse some of the suggestions made in the opinion, as to the propriety of the practice of having the case or exceptions first disposed of by the county court.

My conclusion, therefore, is, that the plaintiff should have first applied to the county court for a new trial, and if it was there refused, then he should have brought his appeal to this court. As he is premature, the appeal must be dismissed, and for this reason it is not necessary to examine the other questions presented.

Appeal dismissed.

I concur, C. R. INGALLS.

PECKHAM, J., dissented. Would be a good law, but better let the legislature pass it.